# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SCOTT LOVETT,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>STU SHERMAN, Warden,<br><br>　　　　　Respondent. | Case No. ED CV 16-02517 VBF (AFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

Petitioner's objections reflect a misunderstanding of the limited nature of federal habeas review. First, he requests appointment of counsel for purposes of this proceeding. (Objections at 1.) Appointment of counsel would be inappropriate in this case because petitioner has not shown a likelihood of success on the merits or an inability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Second, petitioner contends that the Court should have held an evidentiary hearing on his claims to revisit the credibility of the witnesses. (Objections at 2.) An evidentiary hearing would have been inappropriate because petitioner did not meet his burden under 28 U.S.C. § 2254(d) of showing that the state court's decision resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or resulted in a decision that was based on an unreasonable determination of the facts. *See Cullen v. Pinholster*, 563 U.S. 170, 181-85 (2011). In any event, the credibility of the witnesses was not central to any of petitioner's three claims, which were (1) error in the admission of evidence, (2) Eighth Amendment error, and (3) instructional error.

Third, petitioner claims that he was not guilty by reason of his mental and physical defects. (Objections at 3-4.) This claim is surfacing for the first time in petitioner's Objections to the Report and Recommendation. Moreover, it is unexhausted, unsupported by any competent evidence, and unrelated to any of petitioner's original three claims. Petitioner had the ability to exhaust and raise this claim before his federal habeas proceeding ever began. Under these circumstances, the Court declines to consider it. *See United States v. Howell*, 231 F.3d 615, 623 (9th Cir. 2000) (district court may decline to consider factual allegations raised for the first time in objections to a magistrate judge's report and recommendation where the specific allegations were available before the magistrate's proceedings ever began); *Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 638 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purposes of the Magistrates Act. We do not believe that the Magistrate Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."), *overruled on other ground by United States v. Hardesty*, 977 F.2d 1347,

1348 (9th Cir. 1992).

In sum, petitioner's objections are overruled.

The Court accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that (1) the Report and Recommendation is accepted and adopted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: June 21, 2017

*Valerie Baker Fairbank*
VALERIE BAKER FAIRBANK
SENIOR U.S. DISTRICT JUDGE